REDMANN, Chief Judge.
Defendant homeowners appeal from a judgment enjoining their use of their home for certain aspects of the wholesale candy peddling business they have from there operated since 1962. We reverse, sustaining their exception of prescription.
The city’s petition alleges nothing other than use violations of its zoning ordinance. Defendants pleaded prescription and established that they had used their residence as the base of their wholesale candy and snack peddling business in the same manner since 1962, and that the city licensed their operation, showing its address as that of their residence, since February 1969 (at least; earlier records were unavailable).
Prior to its 1972 amendment, La.R.S. 9:5625 A provided a two-year prescription of all actions, civil or criminal, to enforce zoning regulations, “and provided further that with reference to violations of use regulations all such actions ... must be brought within two years from the date the parish, municipality or their instrumentality first had knowledge of such violation....”
The city had knowledge of defendants’ wholesale peddler operation, as noted above, at least since 1969. The city cannot escape prescription on the theory that it had knowledge of nothing except that a wholesale peddler sells from his truck, in wholesale lots, to retail grocery and snack stores. The city cannot have lacked knowledge of the reasonable implications of “wholesale peddling.” The city must know that the peddler stops driving his truck at night when stores are closed. It had to know that the peddler brought his vehicle home at night (the only address he had). And the city must know that the peddler must replenish his truck’s store of the items that he sells. The city cannot ignore that distributors’ warehouses close on weekends and holidays, and a reasonable expectation is that the wholesale peddler must have a greater amount of stock on hand than his truck can hold, to supply his retail customers who do not close on weekends and holidays. Because defendant had *865 no other address than his home, the city would reasonably know that extra stock was kept at defendant’s home.
The city alleges in its petition and proves only that defendants were temporarily storing food in their garage. (The city alleged but did not prove sales of food from the house and garage.)
Defendants’ exception of prescription to that petition should have been, and now is, sustained.
Reversed; dismissed.