482 So.2d 175 (1986)
Milton J. DUDENHEFFER and Dudenheffer Seafood, Inc.
v.
The CITY OF NEW ORLEANS, DEPARTMENT OF SAFETY AND PERMITS.
No. CA-3531.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Olden C. Toups, Jr., and David L. Neeb, Charles J. Pisano, New Orleans, for plaintiffs-appellants, Milton Dudenheffer and Dudenheffer Seafood, Inc.
Salvador Anzelmo, City Atty., Michael J. Laughlin, Asst. City Atty., New Orleans, for defendant-appellee, City of New Orleans, Dept. of Safety and Permits.
C. Hearn Taylor, New Orleans, for intervenors.
Before BYRNES, WARD and HUFFT, JJ.
WARD, Judge.
This zoning matter is on appeal from an injunction prohibiting Milton J. Dudenhefer and Dudenhefer Seafood, Inc. from operating a wholesale business in a Non-Urban District of the City of New Orleans.
*176 Although the District Court judgment granted a "preliminary injunction," the parties stipulated, and the Trial Judge agreed, that the hearing would be on the merits of a permanent injunction. Inasmuch as Louisiana courts have recognized that the merits may be considered at a hearing on a preliminary injunction, we will treat this matter as an appeal from a permanent injunction. See State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978).
Also on appeal is a judgment holding Milton J. Dudenhefer in contempt for violation of the injunction by continuing to use his property for a wholesale business. This Court denied Dudenhefer's writs from the judgment of contempt (C-3373) by referring his arguments to the merits of this appeal.
The record before us shows that Dudenhefer owns four lots on Highway 90 in a part of the city which is relatively undeveloped except for residences and fishing camps scattered along the banks of the many canals and bayous in the area. Dudenhefer resides on two of the lots which he purchased in 1963. In 1982, he purchased the two additional lots across the road from his residence. Since 1963 Dudenhefer has been operating Dudenhefer Seafood, a business which buys shrimp, oysters, crabs and fish from fishermen and sells them to restaurants, retail dealers and processors. The business has grown through the years, and Dudenhefer has improved his property to accommodate a larger volume of business and to maintain a clean, efficient operation. Activities on the premises include: unloading seafood from boats which tie up at a concrete wharf; cleaning and processing seafood for sale; storage and repair of boats, traps, nets and other equipment; and sale of fuel, ice and other supplies to fishermen. Several of Dudenhefer's neighbors who have intervened in the City's suit for an injunction complained about the noise allegedly created 24 hours a day by Dudenhefer's ice machines and conveyors and by the large trucks which come to pick up the seafood.
Dudenhefer's property is zoned as a Non-Urban District as provided by Art. 5, Sect. 23 of the Comprehensive Zoning Ordinance for the City of New Orleans (effective August 1, 1970). Paul May, Zoning Administrator for the Department of Safety and Permits, testified that in the Non-Urban District a retail business would be permitted but that a wholesale business was not a permitted use. Mr. May further testified that if the main use of property is residential, then any other use is illegal. Dudenhefer was cited for violating the Zoning Ordinance by having more than one main use on his property.
On appeal, Dudenhefer raises ten assignments of error relating to the injunction and the judgment of contempt. He has also filed in this Court exceptions of lack of subject matter jurisdiction and prescription.
We first consider the jurisdictional issue. Dudenhefer contends that the Civil District Court and the Court of Appeal do not have subject matter jurisdiction because the parties filed suit before exhausting administrative remedies before the Board of Zoning Adjustments. The Comprehensive Zoning Ordinance, Art. 13, Sect. 4 et seq. and Art. 15, Sect. 2.4, provides for appeals to the Board of Zoning Adjustments by any party aggrieved or affected by a decision of the Director of Safety and Permits. Those appeal provisions are not applicable, however, when the City seeks to enforce the Zoning Ordinance by injunction. The enforcement provision of the Ordinance, Article 15, Section 2.13(1), states that when any building, structure or land is used in violation of the Ordinance, any City official may, in addition to other remedies, institute "any appropriate actions or proceedings to prevent such unlawful ... use or other violations, to restrain, correct, or abate violation, ... or to prevent any illegal act, conduct, business or use in or about such premises...." It is well-settled that a municipality may enjoin violations of a zoning ordinance. City of New Orleans v. National Polyfab Corp., 420 So.2d 727 (La.App. 4th Cir.1982). Therefore, Dudenhefer's contention that *177 the courts do not have subject matter jurisdiction is not well-founded, and his exception of lack of jurisdiction is denied.
We next consider Dudenhefer's exception and argument that the cause of action to enjoin the illegal use of his property was prescribed when the City filed suit in May of 1984. Dudenhefer cites La.R.S. 9:5625 which provides that actions to enforce municipal zoning restrictions on use of property must be brought within two years. Prior to 1972, the prescriptive period began to run when the enforcing authority first had knowledge of the violation. A 1972 amendment specified that the period ran from the date the enforcing authority was actually notified in writing of the violation.
Dudenhefer presented evidence to show that the City knew of the use of his property and failed to take action within two years. He testified that prior to 1972 the City had notice by means of tax assessments. In 1980 and 1981, when the statute called for written notice, Dudenhefer summoned the City to his property for the purpose of upgrading his electric service and made written applications to the Department of Safety & Permits Electrical Inspection Section. These applications state that circuits were being added on the Dudenhefer property for a welding machine and for a refrigerated truck and that a new meter was installed for an ice machine. Dudenhefer contends that these documents constituted written notice to the City of a wholesale business on the property. A building inspector from the Department of Safety and Permits testified that zoning is routinely checked when applications for increased electrical service are made.
The Trial Judge discounted this evidence, however, and found the City first received notice of the use violation early in 1984 by means of affidavits executed by Dudenhefer's neighbors. Accordingly, he found the City timely filed suit.
We disagree. Although we cannot charge the City with knowledge of Dudenhefer's use violation before 1972, the written contacts which Dudenhefer made with the City concerning his property in 1980 and 1981 coupled with the visible and obvious nature of his use, lead us to conclude that the City had actual knowledge of the use violation for more than two years before suit was filed. Hence, the provisions of La.R.S. 9:5625 barred the suit to enjoin Dudenhefer's use of his property for a wholesale seafood business.
Moreover, we find that Dudenhefer Seafood has established a legal non-conforming use on the four lots in question. Comprehensive Zoning Ordinance, Art. 12. To be entitled to a non-conforming use exemption from zoning restrictions, a property owner must show that his property was being lawfully subjected to a non-conforming use at the time the present ordinance became effective and that the neighboring property owners were aware of the use. City of Lafayette v. Black, 336 So.2d 982 (La.App. 3rd Cir.), writ denied, 339 So.2d 850 (La.1976).
Milton Dudenhefer has carried that burden of proof. Dudenhefer himself testified that he began to do business in 1963 on the two lots he purchased that year. He further testified that beginning in the mid-1960's, with the then-owner's consent, he carried on business on the two lots he purchased in 1982. Dudenhefer's testimony was corroborated by an affidavit of the previous owners of the property and by testimony and affidavits of other neighbors and fishermen who had done business with Dudenhefer. Under the zoning regulations in effect at the time Dudenhefer Seafood began using the property, it was zoned Unrestricted, and a wholesale seafood business was not a prohibited use in such a district.
Because we reverse the Trial Court judgment enjoining Dudenhefer's wholesale business, we will not consider his arguments regarding the judgment which held him in contempt for violating the injunction. The judgment of contempt is vacated.
*178 Our holding does not leave Dudenhefer's neighbors without a remedy. They, or the City, may file suit to enjoin any nuisance caused by Dudenhefer Seafood. See City of New Orleans v. Degelos Brothers Grain Corp., 175 So.2d 351 (La.App. 4th Cir.), writ refused, 248 La. 363, 178 So.2d 655 (1965). Easterly v. Carr, 361 So.2d 279 (La.App. 1st Cir.1978). Additionally, because an established non-conforming use may not be enlarged or extended, a cause of action will arise should Dudenhefer attempt enlargement or extension of his non-conforming use. See City of Crowley v. Prejean, 173 So.2d 832 (La.App. 3rd Cir.), writ refused, 247 La. 878, 175 So.2d 110 (1965).
REVERSED; CONTEMPT JUDGMENT VACATED.