LOTTINGER, Judge.
This is a suit to enjoin the violation of a zoning (use regulation) ordinance. From a judgment granting the injunction, defendant appeals.
FACTS
Defendant, J.W. Grand, operates a general contracting business from premises located at 8140 Goodwood Boulevard, Baton Rouge, Louisiana. This location is zoned A-l Residential Zone. In answering the petition, defendant admits he has “been in open and continuous operation of a contracting business at this address since 1979,” and thus the violation has prescribed pursuant to La.R.S. 9:5625.
We glean from the record that in May and August of 1981, Grand was notified by the City of Baton Rouge of the violation existing at 8140 Goodwood Boulevard. Mr. Grand candidly admitted from the witness stand that he discussed this violation with the City, that he agreed it was a violation, and that he would correct the violation. He also admitted that he heard nothing further from the City. A review of the file maintained by the City contains no further notices of use regulations violations until the one complained of in this suit.
The City received notice of the current violation in August of 1989, and this suit was filed on May 21, 1990.
The only other violation mentioned is a parking regulation violation in 1987.
DISCUSSION
La.R.S. 9:5625 provides for a two year liberative prescriptive period from the date the governmental body or agency “first had been actually notified in writing of such violation.” Prescription begins to run from written notice. We find as fact that the City was notified in writing of the use regulation violation at 8140 Goodwood Boulevard in May of 1981. However, when Mr. Grand admitted to city employees that he was in violation, he acknowledged the violation and interrupted the running of prescription. La.Civ.Code art. 3464. Once interrupted, prescription only begins to run anew from written notice to the City. There is no evidence in the record that the City received additional written notice of a violation after the acknowledgement by Mr. Grand of the original violation. In fact, Mr. Grand admitted that after his discussion with the City, he heard nothing further from them. We conclude as fact from the admission that this conversation took place after the letter of August, 1981, which he received from the City.
It is argued by defendant that the violation notice received in 1987 was more than two years prior to this suit and thus La.R.S. 9:5625 would apply. As we have already mentioned, this violation related to parking and not to use, thus this notice is not applicable.
Defendant additionally argues that the occupational licenses issued to defendant at the Goodwood address were for the occupation of “contractor,” and thus the City had notice of defendant’s business activities. We find no support in this argument because there is no evidence that the mere existence of an occupational license for a contractor at this location would give full notice to the City.
*1276 Therefore, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.