591 So.2d 1338 (1991)
CITY OF NEW ORLEANS
v.
C. NAPCO, INC. and L.J.N., Inc.
No. 91-CA-0657.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
Writ Denied March 20, 1992.
*1339 N. Eleanor Graham, Deputy City Atty., Kathy Torregano, Chief Deputy City Atty., William D. Arron, Jr., City Atty., New Orleans, for plaintiff/appellee (City of New Orleans.)
Moon Landrieu, New Orleans, for defendants-appellants C. Napco, Inc. and L.J.N., Inc.
Before KLEES and WARD, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
Defendants, the owners and operators of "The Boot" restaurant and bar, appeal the granting of a preliminary injunction in favor of the City of New Orleans prohibiting "live entertainment" and "outdoor seating" at The Boot.
On November 21, 1990, the City of New Orleans filed a petition in civil district court seeking preliminary and permanent injunctions against defendants for allegedly perpetrating certain zoning violations at The Boot. The alleged violations included permitting outdoor seating on the public sidewalk, installing a walk-in cooler outside the building, maintaining numerous signs without permits, and presenting live entertainment. The City argued that the signs violated Article 6 of the Comprehensive Zoning Ordinance of the City of New Orleans and that the other items constituted illegal extensions of a nonconforming land use, which therefore had to be removed or stopped. Defendants admitted to the alleged violations, but argued that the City's action had prescribed under La.R.S. 9:5625, which sets forth a two-year precription for land use violations. Defendants also sought an order of mandamus to compel the City to issue them a permit to conduct live entertainment.
On March 7, 1991, the district court entered judgment granting the preliminary injunction with respect to outdoor seating and live entertainment, but declining to enjoin the maintenance of the signs or the cooler, finding that the City's action with regard to these had prescribed. From that judgment, defendants have appealed.
On appeal, defendants again urge that the City's action to enjoin live entertainment at The Boot has prescribed. We agree.
The record shows that The Boot has been hosting occasional live entertainment in the form of disc jockeys, comedians, solo musicians, combos, bands and dance contests for the past eighteen years. Although the Boot is located in an area zoned multi-family residential, it has acquired legal nonconforming use status by virtue of the premises having been continuously operated *1340 as a commercial establishment since prior to January 1, 1929. (The adoption of the Comprehensive Zoning Ordinance of the City of New Orleans).
The City admits to having received two written complaints of live music at The Boot in the form of a letter written by Charles Seeman dated April 7, 1981 and another letter written by Michael Christovich dated April 8, 1981. These letters were directed to the Department of Safety and Permits. The City claims that it conducted an inspection, but was unable to verify the complaints. Then, in 1982 and again in 1986, defendants applied for a permit to conduct live music at The Boot, both times attesting to the fact that live music was already taking place. Both times the permit was denied. Finally, in 1990, the City received more complaints and proceeded to file suit.
La.R.S. 9:5625 provides that an action by a municipality for violation of land use regulations "must be brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation." There is no question that the proper agency, the Department of Safety and Permits, received written notice of the live music at The Boot in the form of two letters in 1981. The City argues that prescription did not begin to run because it was unable to verify the complaints. However, the statute does not require verification, only written notice.
Moreover, the City contends that the two applications for permits to conduct live music at The Boot did not put it on notice, even though the 1986 application contained 37 affidavits attesting to the fact that live music was being presented. In Dudenheffer v. City of New Orleans, 482 So.2d 175 (La.App. 4th Cir.1986), we found that the City had written notice of the owner's nonconforming use of his property as a seafood business because the property owner had applied to have his electrical service upgraded, and the city zoning inspector testified that zoning violations were routinely checked in connection with such applications. Id. at 177. In the instant case, the facts indicating written notice to the City are much stronger than in Dudenheffer. Under the circumstances, we find that the City received written notice in 1981 and failed to bring this action within the two-year prescriptive period. Therefore, the action has prescribed.
As the action has prescribed, the trial judge's finding that the live entertainment was "intermittent" is irrelevant. Accordingly, we reverse the portion of the judgment granting the preliminary injunction against live entertainment.
With regard to the portion of the judgment enjoining "outdoor seating", we agree with plaintiff and defendants that the wording should be more specific in accordance with Code of Civil Procedure article 3605. We therefore amend that portion of the judgment to read "outdoor seating on the public sidewalk."
Accordingly, we order that the judgment of the district court be amended in part and reversed in part, in the manner stated in this opinion.
AMENDED IN PART REVERSED IN PART.