SCHOTT, Chief Judge.
This appeal is by the City of New Orleans from a judgment of the trial court reversing a decision of the City’s Board of Zoning Adjustments and recognizing the status of appellee’s property as a valid nonconforming use. The issue is whether the City’s action is prescribed by LSA R.S. 9:5625 because of its failure to take action within two years after it received notice of the nonconforming use of the property.
Under the zoning ordinance the property is located in a district in which a bar or lounge is a permitted use, but not a nightclub. The ordinance defines a nightclub as an establishment providing live entertainment or a permanent area for dancing. The trial court found that appellee’s bar had provided a permanent area for dancing for more than two years after written notice to the city, with the result that the use of the property in this way was a legal nonconforming use binding on the city.
There is clear proof that the bar had a permanent area for dancing on the second floor for many years. The second floor addition to the building was done in 1974 pursuant to an application for a building permit with plans that showed the dance area. A city building inspector inspected the bar in 1983, 1984 and 1985 and reported the presence of the dance floor. Residents complained about the ongoing operation of the lounge as a nightclub. The lessee who preceded appellee in the premises referred to his operation as a nightclub in his application for an alcoholic beverage permit. This evidence was sufficient to support the trial court’s conclusion that the dance area was there for several years prior to 1989 when this action began.
For the two year prescription of R.S. 9:5625 to apply there must be not only the nonconforming use of the property but it must have continued for at least two years after actual written notice to the city. In the present case appellee’s predecessor lessee in 1983 submitted an application to the city’s Department of Safety and Permits indicating it was operating a nightclub on the premises and this lessee was granted the necessary permits until its lease expired in December 1988. Furthermore, in September 1983 the city’s Department of Finance issued a memo to the Department of Safety and permits in which it identified the operation on the premises as a nightclub. The return note to the Department *954 of Finance identified the zoning as B-l and stated “Zoning Law-No exception at this time.” The Department of Safety and Permits approved the application. The city had actual written notice of the nonconforming use but failed to take action to stop it for well over two years.
The evidence in this case is much the same as that in Dudenheffer v. City of New Orleans, 482 So.2d 175 (La.App. 4th Cir.1986), and the decision of the trial court in this case is supported by that case.
Accordingly, the judgment is affirmed.
AFFIRMED.