623 So.2d 1371 (1993)
PARISH OF JEFFERSON
v.
Fred JACOBS.
No. 93-CA-254.
Court of Appeal of Louisiana, Fifth Circuit.
September 15, 1993.
*1372 Monica J. Clay, Harahan, for plaintiff/appellant Parish of Jefferson.
Cynthia K. Meyer, Metairie, for defendant/appellee Fred Jacobs.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
The Parish of Jefferson (Parish) appeals from a judgment granting a peremptory Exception of Prescription under La.R.S. 9:5625(A), filed by defendant, Fred Jacobs, in a zoning violation dispute. We affirm, finding that the trial judge did not err in determining that the defendant operated a school bus repair business continuously, prior to and following actual knowledge by the Parish of the violation of the Comprehensive Zoning Ordinance of Jefferson Parish.
In August 1989, the Parish received notice that defendant was operating a school bus repair business in a residential neighborhood, zoned R-1, in violation of the Parish Zoning Ordinance, No. 3813, Section 7(2). Building Inspector, Daniel Ferrara, issued a citation to defendant ordering him to cease his commercial activities. In response to a complaint in October 1989, another citation was issued to defendant. This complaint and citation focused on the removal of mechanic equipment, truck and auto parts being stored in the rear yard on Orion Street. Follow-up visits on September 5, 1989 and October 30, 1989 were made by Ferrara in reference to the citations. Subsequently, defendant requested a permit to build a garage on the premises. Ferrara inspected the property two or three times in respect to this request. Notice of defendant's school bus repair activities was again brought to the attention of the Parish and on November 14, 1991, the Parish issued a third citation. *1373 Suit was filed on March 18, 1992, because defendant indicated his refusal to comply. Defendant responded with an Exception of Prescription, based on the two years prescriptive period under La.R.S. 9:5625(A) governing zoning violation actions brought by governmental entities. Trial was set for January 27, 1993 in First Parish Court for the Parish of Jefferson. The trial judge granted the Exception of Prescription, finding that defendant continuously and without interruption operated a school bus repair business in violation of the ordinance during 1989, 1990 and 1991, thus causing the action to be prescribed.
On appeal, the Parish first asserts that evidence shows that defendant ceased his activities following the citations in August and/or October 1989, thereby interrupting the running of prescription. Second, it contends that the trial judge erred in relying on and allowing into evidence documents submitted in globo which included repair, supply and parts records either without defendant's address, or, showing an address for his business at another location.
In its first specification of error, the Parish contends that the inspector went to the premises on several occasions. He saw no repair activities on-going and thought that defendant had complied with the August and October citations. Therefore, since defendant had ceased the illegal activity, the Parish asserts that prescription was interrupted and a new period commenced. The Parish also asserts that the informal practices of the Parish may serve to interrupt prescription citing dicta in the City of New Orleans v. Elms, 566 So.2d 626, 633, 634 (La.1990). There the court stated:
"This constructive knowledge imposed a duty on the City to take steps to halt the zoning violation (just as the City did in 1983, when informed in writing of the violation, by notifying the owners to cease the commercial activity). If the City had notified the owners in 1969 to cease the commercial activity, then defendants' lack of use of the property for commercial purposes after being notified to cease these activities might defeat their right to assert the prescription defense."
Here, the Parish asserts that the fact that the inspector returned to the site, noting in his log that the business was no longer being operated, is sufficient administrative activity to interrupt prescription. To find otherwise would "destroy the Parish's administrative process and would place an undue burden on the Parish and its citizens, because it will require the Parish to file suit on every citation in order to protect against the running of prescription even when it appears the activity has ceased."
Defendant contends, on the other hand, that the evidence was sufficient to show continuous business activity. He submits the testimony of his father, who lives on the premises, a neighbor, a long-time customer and himself. He also notes that Ferrara did not recall speaking to anyone on his re-visits and may not have visited during the hours of operation because the defendant operates his business during limited hours since he also drives a school bus morning and evenings.
La.R.S. 9:5625(A) provides in pertinent part:
"A. All actions civil or criminal, created by statute, ordinance or otherwise, except... which may be brought by parishes ... to require enforcement of and compliance with any zoning restriction ... provided further with reference to violation or use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation. Except as relates to nonconforming signs and billboards, any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provision of this section." (Emphasis added)
In determining whether prescription has accrued in a zoning enforcement case, the burden of proof is upon the person pleading prescription. Elms, 566 So.2d at 630. *1374 However, once that is shown, the burden switches to the party pleading termination of the non-conforming use status by abandonment or discontinuance. Id. at 634.
The key element in proving that prescription has accrued is knowledge on the part of the Parish. Id. at 630. Whereas constructive knowledge could serve to begin the prescriptive period prior to the 1972 amendment to R.S. 9:5625(A), under the present R.S. 9:5625(A), the Parish must specifically receive written notice for the prescriptive period to commence. Thus, the dicta cited by the Parish in the Elms case is inapplicable.
In this case, we have no evidence as to when the Parish received written notice. However, we presume written notice was received prior to the issuance of citations in August and October, 1989. That factor allows us to proceed regardless of the lack of evidence of written notice to the Parish, because, absent an interruption of prescription by the discontinuance of the activity from 1989 until 1991 when the last citation was issued, the case was prescribed on its face in 1992.
The 1991 notice and citation would only start the prescriptive period running anew if defendant ceased his operations after the last notice to the Parish in October 1989. "Defendant's lack of use of the property for commercial purposes after being notified to cease these activities ... should operate to defeat the prescription defense." Elms, at 633-634. See: Panzeca v. City of New Orleans, 580 So.2d 489 (La.App. 4th Cir.1991). Furthermore, neither the acknowledgment of the defendant nor the inability of the governmental entity to verify whether the illegal activity is being conducted has been held to interrupt this prescription. See: City of Baton Rouge v. Grand, 588 So.2d 1274 (La.App. 1st Cir.1991), writ denied 590 So.2d 1201 (La.1992); City of New Orleans v. C. Napco, Inc., 591 So.2d 1338 (La.App. 4th Cir.1991).
We agree with these decisions because zoning matters involve the derogation of property rights. Therefore, even as to procedural matters, when in doubt, it should be resolved favorable to the property owner. Furthermore, there is no authority for treating governmental entities differently than other plaintiffs, who must file suit to interrupt prescription. Thus, we find the trial judge did not err in declining to find an interruption of prescription solely from the informal acts of the Parish.
Alternatively, defendant argues that the evidence in this case showed that defendant discontinued his business following the first citation, and restarted and discontinued his business for the second time following the second citation. He cites the testimony of Ferrara that, as a building inspector, he inspected the property several times since 1989 for both zoning complaints and in reference to work on the garage constructed in 1991. He stated that he spoke to defendant initially on the zoning issue, but could not recall speaking to anyone on his follow-up inspections. He said that if no one was there he would "see what he needed to see .." He testified that he believed defendant ceased his activities based on his observations in his follow-up visits. Mr. Ferrara testified that he usually made his inspections between 8:00 a.m. and 3:00 p.m. and that he recorded his observations in a log book. He noted that he visited three times in May, June and July of 1991, checking on the progress of the garage and did not see anything that would have indicated defendant was conducting the bus repair business. Ferrara stated that he had no reason to return to the residence until the building permit request was made for the garage in 1991.
Aside from his own testimony, defendant produced the testimony of his father, Frederick Jacob, Sr., his neighbor, Don Jones, and a long-term customer, Russell Totora. These witnesses testified that defendant continued to repair school buses on the Orion Street property throughout 1989, 1990 and 1991. Jones also operates a business from his home, repairing lawn mowers and sharpening tools. He has lived across the street from the property at issue since 1987 and is home at work daily. Defendant, Jones and Jacob all stated that defendant only stopped when he was on vacation.
*1375 Jacob, Sr., defendant's father, testified that he is retired and lives on the property. He stated he is at home most of the time, but did not see Ferrara when Ferrara returned because he (Jacob, Sr.), was probably not home.
Russell Totora also testified for defendant. He and his wife drive school buses that defendant has repaired for years. He stated that defendant has been performing the work since 1977 at that address. Totora stated defendant did repairs on his buses in 1989, 1990 and 1991.
Defendant testified that he worked in the back yard on a concrete slab and he kept his tools and equipment in an enclosed shed. He stated that he built the garage specifically to use for working inside on the buses. He stated that he has worked on buses at that residence since 1977 and that he continued to do so after he received the 1989 citations. Defendant stated that he drives a school bus in the morning and evenings, so his repair business hours are from 9:00 a.m. to 1:00 p.m. Defendant and the witnesses testified that he does repairs mostly for other bus drivers, that the business is not open to the public and no signs advertise the repair shop.
In conjunction with his testimony, defendant also produced numerous repair parts and supply order sheets and/or receipts in-globo packs. The Parish asserts, in its second specification of error, that these were erroneously admitted because their reliability was suspect. The Parish asserts that many of the documents do not show the Orion Street address and many others show an address on Kentucky Avenue in Kenner, Louisiana.
The appellate court may not set aside a trial court's or a jury's findings of fact in the absence of "manifest error" or unless it is "clearly wrong". Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In determining the issue of whether defendant has not met his burden of proof on the issue of prescription, under La.R.S. 9:5625(A), the appellate court must give great deference to the trial judge's reasonable evaluations of credibility and inferences of fact. Elms, 566 So.2d at 633.
We have reviewed the testimony and the documents submitted by defendant. While some documents do not contain the Orion address, many more do. Further, some order records show both Orion Street and Kentucky Avenue. Later dated similar documents show that the Orion Street address replaced the Kentucky Avenue address. Most of the repair sheets show repairs being made at the Orion Street address for school buses. A few indicate repairs to automobiles. Overall, the documents overwhelming show repairs on school buses were being made at the Orion Street address during 1989, 1990 and 1991.
Even without the documents, the testimony supports the defendant. The witnesses testified to the ongoing operations. While Ferrara's testimony was likewise trustworthy, the evidence shows that he may have timed his re-inspection visits inopportunely and missed evidence of the continuing business operations. Consequently, we do not find that the trial judge was manifestly erroneous in determining that there was a continuing operation of the business and prescription against the Parish was not interrupted. We must, therefore, affirm the trial court judgment.
We recognize the concern of the Parish that it will be forced to file suit on every citation for zoning violation. However, we disagree that this should be the result. The Parish should continue to monitor complaints in order to gather the information it needs to decide whether or not to file suit. In those small number of instances where defendant seeks to mislead the Parish into sitting on its rights, remedies are available, including the invocation of the doctrine of contra non valentum which precludes the running of prescription when plaintiff is mislead through no fault of its own. That intent by defendant was not shown here.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.