EDWARD A. DUFRESNE, JR., Chief Judge.
| aThis is an appeal by Dennis Perry from a judgment upholding an order of the Jefferson Parish Administrative Adjudication Bureau that he install an impervious surface at his used car lot as required by parish ordinance. For the following reasons we affirm that judgment.
*646 The facts are not in dispute. In July of 1995 Perry opened a used car lot, but failed to acquire an occupational license from the Sheriffs Department. He was cited by the Parish Code Enforcement Bureau on November 6, 1995, for operating without a license, but established at a later hearing that he had since procured the license and the matter was dismissed.
Then, on May 6, 1998, he was cited for the present violation of not having an impervious surface on his lot as required by Jefferson Parish Ordinance No. 3813. Perry succeeded in having the hearing on the matter postponed several times by action of the Parish Council. A hearing was finally held on June 20, 2000, and |sPerry was ordered to correct the violation. He appealed the order to the district court, but the action of the administrative hearing officer was upheld. He now brings this appeal from the district court judgment.
Appellant first asserts that the district court judgment was in error as a matter of law. In his brief he acknowledges that if Jefferson Parish Ordinance No. 3813 provides that he must have an impervious surface on his used car lot, then there is no question that he is in violation of that ordinance. His argument on this point is rather that the ordinance was not introduced into evidence at the district court hearing and therefore its content is unknown. We disagree.
The Louisiana Code of Evidence Art. 202 B(1)(c) provides that a court may take judicial notice of “ordinances enacted by any political subdivision of the State of Louisiana.” Here the ordinance in question was clearly identified, and the Code of Ordinances of the Parish is published and readily available to both courts and litigants. We further note that it is appellant who asserted in his petition that there was a defect in the application of the ordinance by the Hearings Officer. It was thus his burden to present to the court the ordinance which he claims was improperly applied to him. He cannot be permitted to prevail in his action on the grounds that the ordinance was not presented to the court by the Parish, when it was in fact his burden to show that his rights were prejudiced by its application.
Appellant’s next argument is that the action against him had prescribed. The prescription applicable here is La. R.S. 9:5625, which provides pertinently that all actions brought by the parish “to require enforcement of and compliance with any zoning restriction or regulation” must be brought within three years of receipt of written notice of the alleged infraction. The other pertinent law is La. R.S. 13:2575 which provides for an administrative procedure to enforce local land use | ¿regulations and empowers hearings officers to conduct hearings, issue orders mandating compliance with such regulations, and impose fines where called for.
In the present case there is no evidence to show when the parish was notified in writing of the infraction at issue here, although the parish asserts that that occurred immediately prior to service of the citation on May 6, 1998. However, even if such notice had been given in July of 1995, when plaintiff first opened his business, the May 1998 citation was still within the three year prescriptive period. Moreover, the commencement of the administrative proceeding by service of the citation was an “action” to require compliance with land use ordinances as contemplated by La. R.S. 9:5625 and prescription was thus interrupted at that time. His exception of prescription was therefore properly denied.
We are aware of language in Parish of Jefferson v. Jacobs, 623 So.2d 1371 to the *647 effect that the issuance of a citation for an alleged violation does not interrupt prescription, but only the filing of a suit does so. It is not clear whether the citations at issue there were merely warnings, or constituted the commencement of formal administrative proceedings, as is the case here. However, to the extent that that case is in conflict with our present holding, it is hereby overruled.
For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.