BARRY, Judge.
Joseph A. Shirer and Joseph A. Shirer & Associates, Inc., filed this suit against Exxon and Terry Day, an Exxon employee, based on three causes of action: (1) the Louisiana Unfair Trade Practices Act/abuse of process; (2) the Age Discrimination in Employment Act (ADEA); (3) damages for defamation under Civil Code Art. 2315.
The defendants filed “Declinatory Exception of Pendency of Another Action” and the peremptory exception of no cause of action as to the Unfair Trade Practices claim; the dilatory exception of prematurity and peremptory exception of prescription as to the age discrimination claim; and the peremptory exception of no cause of action as to the defamation claim.
The district court maintained: “the Exception of Lis Pendens” as to “the complaint of Abuse of Process and/or Unfair Trade Practices”; the exception of prescription as to the age discrimination claim; and the exception of no cause of action as to “plaintiffs’ third cause of action.” All other exceptions were overruled.
Joseph A. Shirer was employed by Exxon as a reservoir engineer. In 1965 Shirer signed an employment contract which prohibited him from divulging confidential Exxon data. Shirer took early retirement on June 30, 1986 and formed Joseph A. Shirer & Associates, Inc., a corporation which he owned. Shirer & Associates was employed by the plaintiffs in the matter Clara M. Sheffield, et al. v. Exxon Corporation, et al., a civil action in Escambia County, Alabama.
On April 15, 1987 Exxon filed a complaint seeking injunctive relief in the United States District Court for the Southern District of Alabama. According to Shirer’s brief, Exxon’s action prayed for preliminary and permanent injunctions against Shirer and another defendant from further participation in the Sheffield litigation, from performing reservoir engineering services, and requested creation of a trust on income due to Shirer. By amendment Exxon requested injunctive relief against future activity in any well or oil or gas field where Shirer’s posture was “adverse to or contrary to the best interests of Exxon.” The basis of Exxon’s lawsuit was Shirer’s 1965 employment contract. A preliminary injunction was granted.
LIS PENDENS
Shirer urges that maintenance of lis pen-dens amounts to a dismissal of the abuse of process and Unfair Trade Practices Act claims. He argues this suit should be stayed pursuant to La.C.C.P. Art. 532 pending the federal litigation. The defendants respond that the lower court judgment does not dismiss plaintiffs’ claims and has the effect of “staying plaintiff’s [sic] first cause of action.”
*698 Both parties are in agreement with what is authorized by the lis pendens provisions, Articles 531 and 532 in the Code of Civil Procedure. Under Art. 532, when a prior filed suit is in federal court or another state court, only a stay is authorized. This lis pendens exception would be dilatory, merely retarding the progress of the action. La.C.C.P. Art. 923; see Reid v. Crain Bros., 134 So.2d 917 (La.App. 3rd Cir.1961).
By contrast, under La.C.C.P. Art. 531, when a prior-filed suit is in another Louisiana state court, then maintenance of a lis pendens exception dismisses the suit. The exception would be declinatory, declining the jurisdiction of the court. La.C.C.P. Art. 923.
The defendants styled their exception as “declinatory” and requested dismissal, not a stay. That contradicts their present position.
The defendants’ actions are consistent with La.C.C.P. Art. 925 which provides in part:
The objections which may be raised through the declinatory exception include, but are not limited to, the following:
[[Image here]]
(3) Pendency of another action between the same parties, in the same capacities, on the same cause of action, and having the same object;
Because La.C.C.P. Art. 925 is not limited to pendency of another action in a Louisiana state court, it is arguably a lis pendens exception is always declinatory and dismisses the suit if maintained. La.C.C.P. Art. 932.
We do not interpret La.C.C.P. Art. 925’s listing of declinatory exceptions to authorize dismissal, contrary to La.C.C.P. Art. 532, when the prior suit is not in a Louisiana state court. We conclude that Art. 925 has no application to this case and maintaining the lis pendens exception stays all proceedings. La.C.C.P. Art. 532.
A stay is not a final judgment, hence, there is no appellate jurisdiction. We pretermit the other issues.
All proceedings are stayed and this matter is remanded to the district court for further proceedings. Appellate review of the other exceptions is reserved.

PROCEEDINGS STAYED; REMANDED.