I .WALTZER, Judge.
Defendants, St. Paul Reinsurance Company Limited and Zurich Specialties London Limited, seek review of a judgment rendered on 16 December 1999, denying their declinatory exception of improper venue. We grant the application for supervisory jurisdiction, and we sustain the exception of improper venue. We remand the matter to the district court for proceedings consistent with this opinion.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
The parents of two minors injured in an accident in Jefferson Parish on 3 December 1998 sued various defendants in Civil District Court in Orleans Parish. Before relators were named in the state suit, St. Paul and Zurich filed a declaratory judgment action in federal court on 19 April 1999 to adjudicate the issue of coverage under the insurance policy. St. Paul and Zurich filed a Motion to Stay Suit Pending Outcome of Federal Litigation. After filing this motion in the state proceeding but before answering, relators filed an exception of improper venue.
The Sims sued both their sons’ employer and the owner of the apartment complex at which the Sims brothers were working, Iberic International, Inc. They eventually amended their petition to include a direct action against Iberic’s | ¡Insurers, St. Paul and Zurich. Iberic also filed a third-party demand against St. Paul and Zurich.
St. Paul and Zurich are foreign insurance companies. Iberic, their insured, has its registered office in East Baton Rouge Parish. St. Paul and Zurich are surplus line insurers. The insurance policy upon which St. Paul and Zurich were sued is a surplus line policy.
After hearing, the trial court denied the exception of improper venue. St. Paul and Zurich applied for supervisory jurisdiction and requested reversal of the denial of the exception of improper venue.
WAIVER OF THE EXCEPTION
Before we can consider the merits of the exception of improper venue, we must decide whether St. Paul and Zurich waived their right to raise the declinatory exception by their prior motion to stay.
LSA-C.C.P. art. 925 provides, in part, “All objections which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.” Article 925 includes lis pendens as a defense raised by the declinatory exception.
After filing the federal declaratory action, St. Paul and Zurich moved to stay the state action. In this motion, the insurers did not raise the defense of improper venue. They urged the trial court to stay the state action under LSA-C.C.P. art. 532.
Title II, “Actions,” Chapter 3, “Lis Pen-dens,” of the Louisiana Code of Civil Procedure includes two articles. LSA-C.C.P. art. 531 provides, in part,
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first Jesuit dismissed by excepting therein as provided, in Article 925. (Emphasis added.)
In contrast, LSA-C.C.P. art. 532 provides,
When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on the motion of the defendant or on its ovm motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered. (Emphasis added.)
*360 A request for a stay under Article 532 need not be raised by an exception. Article 532 specifically contemplates raising it by a “motion”, as distinguished from Article 531, which provision states that such a defense must be raised “as provided in Article 925”.—the article on declinatory exceptions.
Furthermore, a request under Article 532 does the perform the function of a declinatory exception, which lis pendens is. LSA-C.C.P. art. 925. It does not “decline the jurisdiction of the court”, see LSA-C.C.P. art. 923, because the court has discretion whether to issue the stay even where the request is well-founded. Thus, a request under LSA-C.C.P. art. 532 is not truly an exception of lis pendens.
Respondents argue that the defense afforded under LSA-C.C.P. art. 532 must be raised by either a declinatory exception or a dilatory exception. Shirer v. Exxon Corp., 542 So.2d 696, 698 (La.App. 4 Cir.1989). However, this position contradicts the explicit language of LSA-C.C.P. art. 532.
Finally, although LSA-C.C.P. art. 532 comes under the chapter entitled “Lis Pen-dens”, the 1960 Official Revision Comments to Article 532 note that “the strict rules of lis pendens...do not apply.” Moreover, Chapter headings are not the law. LSA-R.S. 1:13.
| therefore, a defendant may raise a defense under LSA-C.C.P. art. 532 through a motion rather than an exception. Since relators did raise the defense by a motion, under the present versions of Articles 532, 925, and 928, they did not waive their declinatory exception of improper venue.
VENUE
St. Paul and Zurich, foreign insurers, raised the exception of improper venue.
The Sims sued Iberic’s insurers under LSA-R.S. 22:655, the direct action statute provides, in part,
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy, and such actions may be brought against the insurer alone, or against both the insured and insurer jointly and in solido in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by the Code of Civil Procedure Art. 42 only.
LSA-R.S. 22:655 B(l).
The general rules of LSA-C.C.P. art. 42 “only”, and not the exceptions specified in Articles 43-76.1, govern venue for claims under the direct action statute. Boatwright v. Metropolitan Life Insurance Company, 95-2473 (La.App. 4 Cir. 3/28/96); 671 So.2d 553.
Thus, the claims against St. Paul and Zurich may be brought in a venue either, “in the parish in which the accident or injury occurred,” or “in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by the Code of Civil Procedure Art. 42 only.”
| sLSA-C.C.P. art. 42 prescribes that,
The general rules of venue are that an action against:
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
The proper venue against these insurers is either Jefferson Parish (the parish where the accident or injury occurred) or East Baton Rouge Parish (the parish where Iberic has its registered office and where St. Paul and Zurich, as foreign insurers, “shall” be sued). Orleans Parish is not a proper venue.
*361 Respondents argue that relators are prohibited from raising the defense of improper venue, under LSA-C.C.P. art. 1034. Article 1034 provides, in part,
A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, except that an objection of improper venue may not be urged if the principal action has been instituted in the proper venue. (Emphasis added.)
However, St. Paul and Zurich are defendants to both the main demand and an incidental demand. Relators are not prohibited by LSA-C.C.P. art. 1034 from raising the defense of improper venue. CONCLUSION
For the above reasons, we grant the application for supervisory writs, grant St. Paul and Zurich’s exception of improper venue and remand the matter for proceedings consistent with this opinion.
WRIT GRANTED, EXCEPTION SUSTAINED AND REMANDED.