886 So.2d 491 (2004)
Wilton Gerald LEBO
v.
Daniea Wilson LEBO.
No. 2004 CU 0444.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Dawn Amacker, Bogalusa, Counsel for Defendant/Appellant Daniea Wilson Lebo.
Richard W. Watts, Franklinton, Counsel for Plaintiff/Appellee Wilton Gerald Lebo.
*492 Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
Daniea Wilson Lebo Farlow appeals a judgment in which the trial court declined to alter the terms of a stipulated joint custody decree to award her temporary domiciliary custody of her eleven-year-old son while her ex-husband, the child's father, Wilton Gerald Lebo, is assigned to military duty in Afghanistan. She also appeals an adverse ruling on her motion to annul a civil warrant that ordered her to return the child to the custodial parent. Additionally, she appeals an adverse judgment on her application for writ of habeas corpus by which she sought custody of the child. Further, she asserts that the trial court erred in refusing to allow the child to testify.
For the following reasons, we affirm the trial court on the civil warrant and habeas corpus rulings. However, we reverse the judgment of the trial court insofar as it denied the rule for temporary custody and placed the child's stepmother in the stead of the child's father, and we remand for further proceedings.

PERTINENT FACTS
Subsequent to their divorce, Daniea Farlow and Wilton Lebo entered into a "Stipulation and Judgment With Respect To Custody/Visitation," which the trial court made the judgment of the court on November 26, 2001. This judgment named Wilton Lebo as the domiciliary parent and provided the terms for both parents' exercise of physical custody.
Wilton Lebo, a member of the Louisiana National Guard, was called to active duty, effective July 10, 2003, and was subsequently stationed in Afghanistan. Prior to his deployment, he executed a power of attorney naming his current wife, Lee Anna Lebo, as guardian of the child and giving her authority to act on the child's behalf.
Subsequently, when a period for her physical custody ended after Mr. Lebo had been deployed, Mrs. Farlow refused to return the child to the stepmother, the current Mrs. Lebo. Mrs. Lebo then sought a civil warrant for the return of the child to her, which the court granted. These proceedings ensued. The efficacy of the power of attorney is the central issue in this appeal.

DISCUSSION

Civil Warrant/Habeas Corpus
In her rule to annul the civil warrant and motion for writ of habeas corpus, Mrs. Farlow attempted to obtain legal custody of the minor child. She claimed that since the current Mrs. Lebo could not have custody in preference to her, see La. C.C. art. 133, she could employ these procedural devices to gain temporary custody.
Here, however, Mr. Lebo, the child's father, was named domiciliary parent. The law gives Mr. Lebo the authority to make all decisions affecting the child unless otherwise provided in a custody implementation order. The stipulated joint custody order made no contrary provision. Further, a domiciliary parent's major decisions are presumed to be in the child's best interest, subject to review by the court upon motion of the other parent. La. R.S. 9:335(B)(3). Accordingly, Mr. Lebo was acting within his authority in leaving his child in the care of his current wife.
We specifically note, however, that this statute does not authorize a domiciliary parent to unilaterally change custody of a minor child as Mr. Lebo apparently *493 attempted to do in his power of attorney.[1] The authority to modify a custody order is reserved to the courts pursuant to La. C.C.art. 131 et seq. for contested matters and La. Ch.C. art. 1510 et seq. for uncontested matters.
Mr. Lebo, not Mrs. Farlow, had the authority to make decisions for the child, and we are aware of no legal precepts under which annulling the civil warrant or granting the writ of habeas corpus would have vested such authority in Mrs. Farlow. Accordingly, Mrs. Farlow's first three assignments of error are without merit.

Temporary Custody
In denying Mrs. Farlow's request for temporary custody while Mr. Lebo was stationed out of the country, the trial court ruled that under the terms of the Soldiers' and Sailors' Civil Relief Act of 1940, the power of attorney placed the current Mrs. Lebo in her husband's shoes while he was away. Neither the trial court nor any party cited a specific code article for this proposition, however. And after thorough review of the Act, we cannot find such proposition.[2] Therefore, we conclude that *494 the trial court erred as a matter of law in denying Mrs. Farlow's motion for temporary custody without conducting a hearing on the matter. We reverse the judgment of the trial court in this regard. Accordingly, we remand the matter to the trial court for a hearing to determine if the issue of temporary custody is moot based on the father's return home from serving his country, and if not, to conduct a custody hearing to determine the child's best interest in accordance with applicable law, including the terms of La. C.C. art. 134.
Because we remand this matter for further proceedings, we pretermit the issue of whether the trial court abused its discretion in refusing to consider the reasonable preferences of the child as allowed by La. C.C. art. 134(9). We observe, however, that as long as the minor has relevant information, is of suitable age and discretion, and understands right from wrong, either party may call the child to testify at a custody hearing. See La.Code Evid. art. 601, Raney v. Wren, 98-0869 (La.App. 1 Cir. 11/6/98), 722 So.2d 54, State in Interest of D.M., 97-0628 (La.App. 1 Cir. 11/7/97), 704 So.2d 786.

DECREE
For the foregoing reasons, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion. Costs are to be split equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] While the power of attorney, a military form, purports to grant the current Mrs. Lebo "guardianship" of the minor child, the document also specifically provides as follows: "You must understand that a POA will not prevent another person, such as a non-custodial parent or relative of your child (ren), from petitioning a court of competent jurisdiction to obtain temporary or permanent custody of your children." It also provides, "You must also understand that depending on the law or other requirements where your child (ren) will be living, a POA may not always be effective for your designated guardian to care for your child (ren) under any or all circumstances."
[2] We note that Mr. Lebo, as a serviceman, was entitled to ask for a stay, which he did not do. 50 U.S.C.App. § 521 (1940). Rather, he hired an attorney and proceeded with the litigation. The terms of the Act were amended effective December 19, 2003. Prior to this time, the article provided a discretionary stay as follows:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.
Effective December 19, 2003, the statute has been re-named the "Servicemembers Civil Relief Act" and this article has been re-designated as 50 U.S.C.App. § 522. Section 522 provides a short-term mandatory stay when applied for, and then a discretionary stay, as follows:
(a) Applicability of section
This section applies to any civil action or proceeding in which the defendant at the time of filing an application under this section 
(1) is in military service or is within 90 days after termination of or release from military service; and
(2) has received notice of the action or proceeding.
(b) Stay of proceedings
(1) Authority for stay
At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
(2) Conditions for stay
An application for a stay under paragraph (1) shall include the following:
(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.
(c) Application not a waiver of defenses
An application for a stay under this section does not constitute an appearance for jurisdictional purposes and does not constitute a waiver of any substantive or procedural defense (including a defense relating to lack of personal jurisdiction).
(d) Additional stay
(1) Application
A servicemember who is granted a stay of a civil action or proceeding under subsection (b) may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear. Such an application may be made by the servicemember at the time of the initial application under subsection (b) or when it appears that the servicemember is unavailable to prosecute or defend the action. The same information required under subsection (b)(2) shall be included in an application under this subsection.
(2) Appointment of counsel when additional stay refused
If the court refuses to grant an additional stay of proceedings under paragraph (1), the court shall appoint counsel to represent the servicemember in the action or proceeding.
(e) Coordination with section 201 [section 521 of this Appendix]
A servicemember who applies for a stay under this section and is unsuccessful may not seek the protections afforded by section 201 [section 521 of this Appendix].
(f) Inapplicability to section 301 [section 531 of this Appendix]
The protections of this section do not apply to section 301 [section 531 of this Appendix].
We also note that in custody and support matters, at least, such stay should be granted for only a reasonable period of time. Williams v. Williams, 552 So.2d 531, 536 (La.App. 2 Cir.1989).