902 So.2d 472 (2005)
In re Medical Review Panel of Tammy Mineo FREED.
No. 05-CA-28.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
Timothy R. Richardson, Usry, Weeks & Matthews, New Orleans, Louisiana, And Harry E. Forst, New Orleans, Louisiana, for Plaintiff/Appellee.
M. Randall Brown, Cameron M. Mary Creighton, Richards, Higdon & Reeves, L.L.C., Covington, Louisiana, for Defendants/Appellants.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
The defendants, Eye Surgery Center of Louisiana and Dr. Stephen Brint, have appealed the trial court's denial of their Exception of Prescription. We dismiss this appeal because this judgment is not appealable despite the trial court's certification of the judgment as a final judgment under La. C.C.P. art.1915, and remand for further proceedings.
In denying defendants' Exception of Prescription, the trial court ordered that this judgment is "designated as a final judgment on the court's express finding that there is no just reason for delay." The trial court did not state any reasons why there is no just reason for delay. The Louisiana Supreme Court recently held that the trial court's failure to state the reasons why there is no just reason for delay does not require summarily dismissal of an appeal of a judgment that has been certified as final under La. C.C.P. art.1915. R.J. Messinger, Inc. v. Knauss-Rosenblum, 04-OC-1664 (La.3/2/05), 894 *473 So.2d 1113. Rather, the Supreme Court held that when there are no reasons stated as to why the trial court determined there is no just reason for delay, the appellate court should make a de novo determination of whether certification was proper. Id. Following a de novo review, we conclude certification of this judgment was improper.
LA. C.C.P. art.1915 provides for certification of judgments that grant exceptions or sustain exceptions in part, however, it does not authorize the certification of a judgment denying an Exception of Prescription. The denial of an Exception of Prescription is an interlocutory judgment that is not appealable absent irreparable harm. Although defendants correctly note that La. C.C.P art.2083 allows an appeal from an interlocutory judgment that may cause irreparable injury, defendants have made no showing of irreparable injury.
Interlocutory rulings are reviewed under this Court's supervisory jurisdiction. The long standing rule of this Court was not to convert appeals to Writ Applications. However, by en banc meeting of December 9, 2004, this Court decided that converting appeals to writs will be left to the discretion of the panel. We see no reason to exercise our supervisory jurisdiction at this point in the proceedings because the facts concerning the prescription issue have not been completely developed. Therefore, we decline to convert this appeal to a Writ Application.
For the foregoing reasons, defendants' appeal is dismissed; this matter is remanded to the trial court for proceedings consisted with this opinion.
APPEAL DISMISSED.