971 So.2d 1185 (2007)
Amber D. COLE, Karen Renner and Jeffery Lacour
v.
Darrell L. COLE.
No. 07-CA-504.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
*1186 Phyllis C. Coci, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Barbara A. Watzke, Attorney at Law, Slidell, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
In this domestic matter, plaintiffs Amber Cole, Karen Renner and Jeffrey Lacour appeal the portion of an April 20, 2007 judgment in which the trial judge declined to exercise jurisdiction at this time, and stayed child custody proceedings for 90 days pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940. Defendant Darrell Cole argues in brief that the trial judge erred in extending a temporary restraining order, which effectively prohibits the child's removal from the state of Louisiana. Although defendant seeks a reversal *1187 of the portion of the judgment extending the temporary restraining order, he did not file an appeal nor did he answer the appeal. As such, we cannot consider his claim. Miceli v. Riso, 02-810 (La.App. 5 Cir. 1/14/03), 839 So.2d 141, 149-150, 149, n. 3, writ denied, 03-0442 (La.5/2/03), 842 So.2d 1100. See also, La.C.C.P. art. 2133.
For reasons that follow, we find the April ruling that temporarily stayed the proceeding to be a non-appealable, interlocutory judgment. We convert this matter to a supervisory writ and grant the writ, reversing the judgment, and remanding the matter to the District Court for further proceedings.
Amber Cole and Darrell Cole, the parents of Kaitlyn Cole, were married in Jefferson Parish, Louisiana on December 21, 2004. Shortly afterward, Darrell enlisted in the United States Army and was sent to basic training in Lawton, Oklahoma in January of 2005. Amber, who was pregnant, stayed in Louisiana until Kaitlyn Cole was born on March 17, 2005 in Jefferson Parish.
Amber and Kaitlyn joined Darrell in Oklahoma shortly after Kaitlyn's birth where they continued to live until their Oklahoma consent-judgment divorce. Pursuant to that judgment, Darrell was awarded full custody of Kaitlyn. After the divorce Darrell and Kaitlyn continued to live in Fort Sill, Oklahoma.
Darrell received orders for deployment to Iraq in December of 2005. Before leaving Darrell executed a special military power of attorney making Amber's mother, Karen Renner and her fiance', Jeffrey Lacour his attorney in fact to take custody of Kaitlyn and to act in loco parentis for him and for his account. Karen Renner and Jeffrey Lacour live in Jefferson Parish, Louisiana. Darrell returned from Iraq, and on March 26, 2007 executed a revocation of the special military power of attorney which had made Karen and Jeffery his attorney in fact for custody.[1]
On March 15, 2007, Amber, Karen and Jeffrey filed a petition for child custody and injunctive relief. The plaintiffs asked for and received an ex parte temporary restraining order prohibiting Darrell from removing the child from Louisiana until the matter could be resolved.
In response, Darrell filed exceptions of improper venue, motion to dismiss and vacate, and lack of jurisdiction. Alternatively, he requested an expedited hearing and asked the court to restore custody.
The trial court set an expedited hearing on the exceptions for April 3, 2007. At the hearing, Darrell made an oral motion to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940. Amber, Karen and Jeffrey argued that the court had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. They further argued that pursuant to that act, the court should grant emergency custody to Karen and Jeffery.
The trial court stayed the proceedings for 90 days. He denied jurisdiction "at this time" because he felt the Soldiers' and Sailors' Civil Relief Act of 1940 prevented him from exercising jurisdiction. The *1188 judgment also maintained the order enjoining Darrell from removing the child from Louisiana.
Although counsel for Amber, Karen and Jeffrey noticed her intention to take writs on the judgment, no such review was sought. Instead, counsel filed a motion for devolutive appeal, in which she argued the trial court erred in denying jurisdiction and staying the proceedings.
The issuance of a stay order is an interlocutory, not a final judgment. Shirer v. Exxon Corp. (La.App. 4 Cir.1989), 542 So.2d 696, 698. Accordingly, this judgment is non-appealable. La. C.C.P. Art. 1915. Plaintiffs' correct remedy was by way of supervisory writ application at the time the judgment was rendered. Even so, this court has the discretion to convert an appeal to an application for supervisory writs. Stelluto v. Stelluto, 914 So.2d 34, 39 (La.2005); In re Medical Review Panel of Tammy Mineo Freed, 902 So.2d 472 (La. App. 5 Cir. 4/26/05). In this instance we exercise that discretion.
"In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely." Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186, 1193 (citing St. Charles Parish Sch. Bd. v. GAF Corp., 512 So.2d 1165, 1165 (La.1987)). Since the stay order has expired, the need for relief from that order has arguably ceased to be a justiciable issue. Even so, "[t]he high court has held that although it may become unnecessary or impossible to grant the primary relief originally sought in an action, remaining consequences of the litigation may prevent the case from becoming moot." St. Charles Parish School Bd., supra, 512 So.2d at 1172.
Since Darrell is an active member of the service, we find there are remaining consequences of the litigation that may prevent the case from becoming moot as a consequence of Darrell's active status. Thus, the issue is not moot.
In order to continue a matter pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.Code App. Section 202 requires the court on its own to find or the applicant service member to produce in writing facts stating the manner in which current military duty requirements materially affect the service member's ability to appear. Darrell was present, represented by counsel and had, prior to the hearing date, filed responsive pleadings with supporting documentation. There was no evidence that his military service would have materially affected Darrell Cole's defense against the requested injunctive relief or the prosecution of his own exceptions and motions. Thus, the trial judge erred in granting the stay and we reverse that portion of the judgment.
The remaining issue is the trial court's declining jurisdiction at that time.
While the district court in its judgment purported to decline to exercise jurisdiction and to stay the proceedings, it in fact exercised jurisdiction and acted when the court extended the temporary restraining order prohibiting Darrell from removing Kaitlyn from Louisiana. The trial judge's exercise of his jurisdiction to extend the restraining order was premature absent an initial determination that the court had jurisdiction.[2] The trial judge *1189 could not extend the restraining order until he addressed the threshold issue of whether there was jurisdiction to do so. As such, we set aside the judgment in its entirety.
Moreover, in declining jurisdiction, the trial judge was required to apply La. R.S. 13:1700 et seq., the Louisiana UCCJA,[3] particularly section 1702 and La. C.C.P. art. 3945, if applicable to an emergency situation.
This matter is remanded to the District Court to entertain immediately the exceptions of lack of jurisdiction and of improper venue pursuant to La. R.S. 13:1701, et. Seq. and 43 Okl.St.Ann. § 551-202 and for further proceedings as warranted.
APPEAL CONVERTED TO SUPERVISORY WRIT; JUDGMENT REVERSED, AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.
NOTES
[1] We note that the original custody decree was signed in Oklahoma and Renner and Lacour had custody only pursuant to the special military power of attorney assignment. When Darrel Cole executed the Revocation of Special Power of Attorney Regarding Custody on March 26, 2007, the custody of Kaitlyn Cole reverted to him. In Louisiana, the authority to modify a custody order is reserved to the courts pursuant to La.C.C.art. 131 et seq. for contested matters and La.Ch.C. art. 1510 et seq. for uncontested matters, rather than through a revocable military power of attorney. Lebo v. Lebo, 04-0444 (La.App. 1 Cir. 6/25/04), 886 So.2d 491, 493.
[2] Importantly, La. C.C.P. Art. 3945 C(1) provides that a temporary restraining order expires by law at the end of 15 days with one 10 day extension for good cause. A preliminary injunction may not issue thereafter without the opportunity for a hearing. La. C.C.P. Art 3602.

Therefore, even assuming the trial judge had determined jurisdiction was proper, he had no authority to extend it. No evidence was received at the April 3, 2007 hearing, which would otherwise justify the extension.
[3] Effective August 15, 2007, 2006 La. Acts No. 822, § 2 repealed the former UCCJA, R.S. 13:1700 through 1724. Act 822 enacted the new Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). The new law is contained in R.S. 13:1801 et. seq, which became effective August 15, 2007 after this proceeding began. R.S. 13:1842, however, provides a transitional provision: "A motion or other request for relief made in a child custody proceeding or to enforce a child custody determination which was commenced before the effective date of this Act is governed by the law in effect at the time the motion or other request was made." See also, Act 822, § 3, which provides: "A motion or other request for relief made in a child custody proceeding or to enforce a child custody determination which was commenced before the effective date of this Act is governed by the law in effect at the time the motion or request was filed."