50 So.3d 894 (2010)
PARISH OF ST. CHARLES through the DEPARTMENT OF PLANNING AND ZONING
v.
Wanda FONTENOT, Wife of and Douglas E. Bordelon and Southern Crane Services, Inc.
No. 08-CA-611.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2010.
*895 Leon C. Vial, III Director of Legal Services, Hahnville, Louisiana, for Plaintiff/Appellant.
Douglas E. Bordelon, I.P.P., Montz, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.

ON REHEARING
WALTER J. ROTHSCHILD, Judge.
The Parish of St. Charles appeals from a ruling of the trial court granting plaintiffs' exception of prescription. Plaintiffs filed a motion to dismiss this appeal on the basis that it did not constitute a final judgment. This motion was referred to the merits by this Court on October 27, 2008. For the reasons stated herein, we vacate the trial court's ruling and remand the case for further proceedings.

Motion to Dismiss
In its motion to dismiss this appeal, defendants contend that the trial court's ruling does not constitute a final, appealable judgment as the exception was sustained to less than all of plaintiffs claims asserted in their petition. Rather, defendants contend the ruling is a partial judgment and absent a specific designation by the trial court that it is appealable, plaintiffs correct remedy was by way of supervisory writ. La. C.C.P. art. 1915(B). Even so, this court has the discretion to convert an appeal to an application for supervisory writs. Cole v. Cole, 07-504 (La.App. 5 Cir. 10/30/07), 971 So.2d 1185, 1188; Stelluto v. Stelluto, 914 So.2d 34, 39 (La.2005); In re Medical Review Panel of Tammy Mineo Freed, 902 So.2d 472 (La. App. 5 Cir. 4/26/05). In this instance we exercise that discretion.

Facts and Procedural History
On October 30, 2007, the Parish of St. Charles through the Department of Planning and Zoning filed in the instant petition against property owners Wanda Fontenot and Douglas Bordelon seeking enforcement of various parish ordinances based on defendants' non-compliance. Specifically, in Paragraph 4 of the petition, the Parish alleged:
Defendants', Wanda Fontenot wife of/ and Douglas E. Bordelon, property contains tall, grass and weeds, abandoned, junked, wrecked and/or derelict vehicles, vehicle parts, trash, debris, un-permitted tractor/trailer containers, industrial/derelict equipment, parts, and other noncompliance items which further brings it out of compliance with the St. Charles Parish Code of Ordinances. Defendants are also operating a business, known as Southern Crane Services, Inc., in a residential zoning district. All of these conditions exist on the aforementioned property. Said conditions are in violation of the St. Charles Parish Code of Ordinances.
*896 Defendants responded to this petition with exceptions of liberative prescription, arguing that plaintiffs claims asserted in Paragraph 4 of the petition have prescribed pursuant to La. R.S. 9:5625. Defendants argued that the Parish had written notice of the alleged violations as early as April of 1996 and pursuant to state statute requiring suit to be filed within five years of the violation, the claims have prescribed.
The trial court agreed with this argument and rendered judgment granting the exceptions of prescription and dismissing plaintiffs claims.

Law and Discussion
In determining whether prescription has accrued in a zoning enforcement case, the burden of proof is upon the person pleading prescription. City of New Orleans v. Elms, 566 So.2d 626, 633, 634 (La.1990). However, once that is shown, the burden switches to the party pleading termination of the non-conforming use status by abandonment or discontinuance. Id. at 634; Parish of Jefferson v. Jacobs, 623 So.2d 1371, 1373-1374 (La.App. 5 Cir. 1993).
The state statute applicable to this cause of action is La. R.S. 9:5625(A)(3) which provides as follows:
(3) With reference to violations of use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within five years from the date the parish, municipality, and the properly authorized instrumentality or agency thereof if such agency has been designated, first had been actually notified in writing of such violation.
There is generally no dispute in this case that the Parish received written notice of the violations referred to in the petition. In support of its exception, defendants submitted documentation indicating the Parish received written notice in 1996 and 1999 regarding the abandoned or junk vehicles and that defendants were operating a business in a residential district. However, the Parish argues that the prescriptive statute does not apply to the instant case because the allegations of its petition indicate the violations were ongoing and not subject to prescription, relying on St. Charles Parish Zoning Ordinances, Appendix A, Section 12A, which provides as follows:
Section XII. Violation and penalty.
A. Violation: In case any building or structure is erected, structurally altered, or maintained, or any building, structure, or land is used in violation of this Ordinance, any proper officials of the Parish of St. Charles, Louisiana, or their duly authorized representatives, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, structural alteration, maintenance, use, or other violations, to restrain, correct, or abate such violation, to prevent the occupancy of such building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises. Each day such violation continues shall constitute a separate violation. The Zoning Administrator may call upon the Sheriff to furnish him with the necessary police personnel to carry out his orders.
Although the Parish asserted this defense to the prescription claim in the court below, the trial court failed to find that this provision applied when the Parish received written notice of the violation as is the case here. In its reasons for judgment, the trial court stated:

*897 Once written notice is received, prescription is controlled by La. R.S. 9:5625(A)(3) [sic], and the party must bring an action within five years of that notice. While the Parish is at liberty to determine what constitutes a violation of its own ordinances, it can not override the dictates of the Louisiana legislature regarding prescription of such violation.
On appeal, the Parish relies on two cases from the Third Circuit wherein the court refused to apply this prescriptive statute where the facts indicated prescription began anew each day there was a violation. In Lafayette City-Parish Consol. Government v. Fitch, 03-377 (La.App. 3 Cir. 10/1/03), 856 So.2d 1276, 1284, the Lafayette City-Parish Consolidated Government brought an enforcement action against the defendant property owners asserting violations of an ordinance related to the operation of salvage yards. The property owners asserted an exception of prescription based on La. R.S. 9:5625 which was denied by the trial court and affirmed by the appellate due to the continuing nature of the violations. In finding the City claims had not prescribed, the court stated:
It is correct that the evidence reveals the City's longstanding knowledge of the condition of the fence. The record contains citizen complaints, indication of criminal prosecutions, and substantial evidence of the City's continued negotiations with Mr. Fitch regarding compliance with the Ordinances. Although there is evidence of knowledge of past violations, the suit alleges ongoing, daily violations. While the early conduct from 1994 and 1995 may be relevant to the factual background of the City's case, the current violations are the City's focus. The question of whether a petition could be maintained for early violations is not before the court. Rather, the record supports the view that the City is alleging ongoing, daily infractions under the current ordinance.
Further, in Lafayette City-Parish Consolidated Government v. Dien's Auto Salvage, Inc., 05-201 (La.App. 3 Cir. 11/0/05), 916 So.2d 384, 394, a case factually similar to Fitch, the court again declined to find the City's suit based on violations of ordinances had prescribed although the requisite time period in the statute had expired prior to filing of the suit. Rather, the Court stated:
However, where the Defendants did not construct a fence enclosure or argue that they came anywhere near substantial compliance with the 1997 or 1998 Ordinance, every day that Defendants do not build a fence is a new and separate violation of the fence enclosure provisions. Essentially, prescription begins anew with regard to the non-existent fence enclosure. Id., 916 So.2d at 393.
Likewise, in the instant case, the Parish alleged in its petition that the violations of the ordinances cited therein were continual and ongoing. Although the state statute is silent as to the continuing and ongoing nature of the violation, the parish ordinance specifically provides when the violation is continual, prescription begins anew. There is no indication that a conflict exists between the state legislation and the parish ordinance, nor can we find that the state statute and the ordinance are incompatible and cannot be effectuated in harmony. Rather, while we acknowledge that the state enacted general legislation governing this area, we fail to find that the local governmental entity is automatically precluded from acting in that same area. We find that the parish ordinance regarding the effect of a continual violation on the time to commence suit is applicable herein, and we conclude that the trial court erred in concluding otherwise.
*898 Accordingly, after review of the record herein and the applicable law, we find that the exceptions of prescription brought by defendants in this case were erroneously sustained. Rather, as the Parish's petition alleges that the violations of ordinances existed at the time of the filing of the petition, such claims cannot be prescribed. We therefore vacate the trial court's ruling in this matter granting the exceptions of prescription and remand the case to the trial court for further proceedings consistent with this opinion.
APPEAL CONVERTED TO SUPERVISORY WRIT; RULING VACATED AND REMANDED.
WICKER, J., dissents with reasons.
EDWARDS, J., dissents with reasons.
WICKER, J., dissents with reasons.
I respectfully dissent. In my view, La. R.S. 9:5625 governs and the trial judge properly sustained the Parish's exception of prescription insofar as the alleged use violations.
La. R.S. 9:5625(A)(1) and (3) provides:
A. (1) All actions civil or criminal, created by statute, ordinance, or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities, or their instrumentalities or by any person, firm, or corporation to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, municipality, or an instrumentality thereof, and based upon the violation by any person, firm, or corporation of such restriction or regulation, must be brought within five years from the first act constituting the commission of the violation.
. . . .
(3) With reference to violations of use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within five years from the date the parish, municipality, and the properly authorized instrumentality or agency thereof if such agency has been designated, first had been actually notified in writing of such violation.
According to R.S. 9:5625, a claim to enforce a zoning violation must be brought within five years from the first act constituting the commission of the violation. However, if the violation in question is a violation of use regulations, the action must be brought within five years from the date the parish, municipality or their properly authorized instrumentality or agency first had been notified in writing of such a violation. After the five-year prescription has accrued, the particular property thereafter "shall enjoy the same legal status as land uses . . . made nonconforming by" other provisions of the zoning ordinance. R.S. 9:5625(B).
At the hearing below, the defendants introduced evidence that the Parish had written notice of the alleged violations on August 19, 1999. The Parish contends that prescription has not run because it runs anew with each violation as provided in Appendix A, Section 12A, which pertinently provides: "Each day such violation continues shall constitute a separate violation."
The trial judge concluded that R.S. 9:5625 governed and the claims were prescribed. He relied on R.S. 9:5625(E), which provides: "The provisions of this Section shall supersede any other provisions of law inconsistent herewith."
*899 The majority concludes that Lafayette City Parish Consolidated Government v. Dien's Auto Salvage, Inc., 05-201 (La.App. 3 Cir. 11/2/05), 916 So.2d 384 and Lafayette City-Parish Consol. Government v. Fitch, 03-377 (La.App. 3 Cir. 10/1/03), 856 So.2d 1276, cert. granted in part on other grounds, 03-3352 (La.3/19/04), 869 So.2d 783 control. I disagree. In my view, these cases are distinguishable.
In both cases involving similar facts, the Third Circuit found that the City-Parish's abatement action to enforce an ordinance imposing stringent fencing requirements on salvage yards was not prescribed. The ordinance provided that ongoing daily violations constituted new offenses, and the owners had never complied with the fencing ordinance. The court concluded that the violations were ongoing and the five-year prescriptive period began anew each day a violation continued. Lafayette City-Parish Consol. Government v. Fitch, 03-377 at 11-12, 856 So.2d at 1284; Lafayette City Parish Consolidated Government v. Dien's Auto Salvage, Inc., 05-201 at 15-16, 916 So.2d at 394-95.
In its more recent case of Lafayette City Parish Consolidated Government v. Dien's Auto Salvage, Inc., the court noted, however, that although the "anew" language in the ordinance seemed to be in conflict with the "first act" requirement of prescription article La. R.S. 9:5625, there was no conflict in that case. 05-201 at 12, 916 So.2d at 393. The court explained:
For example, if Defendants had constructed a fence enclosure in substantial compliance with 0-363-97, sometime after the effective date of December 1, 1998, but painted it red, the City Parish could not wait five years and a day to bring an action for abatement based upon the color of the fence being out of compliance. The City-Parish would have to bring their action to remedy the problem within the five-year prescriptive period of La. R.S. 9:5625, or by December 1, 2003. However, where the Defendants did not construct a fence enclosure or argue that they came anywhere near substantial compliance with the 1997 or 1998 Ordinance, every day that Defendants do not build a fence is a new and separate violation of the fence enclosure provisions. Essentially, prescription begins anew with regard to the non-existent fence enclosure.
Id., 05-201 at 12-13, 916 So.2d at 393.
In the present case, the defendants, unlike those in the Third Circuit cases, did not allegedly violate an ordinance that required them to comply with building in a certain manner. Instead, they allegedly violated an ordinance that prohibited them from operating a business in the manner described.
Therefore, under these factual circumstances, R.S. 9:5625 supersedes the inconsistent Parish ordinance. R.S. 9:5625(E). And under the clear wording of R.S. 9:5625, the Parish's action insofar as use violations has prescribed.
Accordingly, I would affirm the judgment sustaining the exception of prescription.
EDWARDS, J., dissents with reasons.
I respectfully dissent. I disagree with the majority opinion that there is no conflict between the State statute and the St. Charles Parish ordinances. La. R.S. 9:5625 provides for a five-year prescriptive period after receiving written notification of a nonconforming use violation for a municipality to bring an action for conformity. That statute is applicable under the facts of this case and clearly supersedes the local ordinance relied upon by the Parish that provides that continuing violations constitute new and separate violations.
*900 Accordingly, I would affirm the ruling of the trial court.